UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK HENRI POPOWSKI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NORTHWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER et al.,<br><br>Respondents. | CASE NO. 2:26-cv-02930-JNW<br><br>ORDER |

Petitioner Patrick Henri Popowski is a citizen of Belgium who has been detained at the Northwest Immigration and Customers Enforcement Processing Center ("NWIPC") in Tacoma, Washington since June 25, 2026. Dkt. No. 2 ¶¶ 1, 7, 10. Proceeding pro se, Popowski petitioned for a writ of habeas corpus on August 18, 2026. Dkt. No. 1. The same day, he moved for a temporary restraining order (TRO) to enjoin Respondents from removing him to another country and from transferring him to another facility outside the state during the pendency of these proceedings. Dkt. No. 4. Popowski asks the Court to issue the TRO without a response from Respondents under Federal Rule of Civil Procedure 65(b). *Id.* at 4.

Under Rule 65(b), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Popowski argues he will suffer irreparable harm absent injunctive relief because he "faces the risk of removal from the United States or transfer outside this Court's jurisdiction while his habeas petition remains pending." Dkt. No. 4 at 3–4. The Court understands that removal proceedings can move quickly and unpredictably. Courts have recognized that transferring a habeas petitioner interferes with the orderly administration of pending litigation. *See, e.g.*, *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *7 (N.D. Cal. Aug. 21, 2025) ("Here, the Court finds that equities strongly favor Petitioner remaining in this District pending the resolution of this matter because this will expedite resolution of this matter[.]"). However, the Court's Scheduling Order already addresses these concerns. *See Aslan v. Wamsley*, No. 2:25-CV-02698-JNW, 2026 WL 84000, at *2 (W.D. Wash. Jan. 12, 2026).

On August 18, 2026, the Court entered a Scheduling Order directing Respondents to show cause why the writ should not be granted and file a return by September 1, 2026. Dkt. No. 6. The Scheduling Order requires Respondents to provide at least 7 days' notice before any action to move or transfer Popowski from the Western District of Washington or to remove him from the United States. This

notice requirement ensures that Popowski will be able to seek emergency relief before any transfer or removal occurs. Given the expedited briefing schedule, the Court concludes that the Scheduling Order provides adequate interim protection against the harms Popowski identifies. If Respondents provide notice of an intent to transfer or remove Popowski before the Court rules on his habeas petition, he may seek injunctive relief at that time.

To the extent that Popowski requests immediate release from detention, that relief is coextensive with the ultimate relief sought by his habeas petition and is therefore denied. The purpose of a TRO is to preserve the status quo pending full adjudication, not to grant the movant the same relief he would obtain if he prevailed on the merits. *See Nguyen v. Scott*, 796 F. Supp. 3d 703, 721–22 (W.D. Wash. 2025); *Chavez v. Murray,* No. 1:25-CV-00198-HBK (HC), 2025 WL 1017678, at *2 (E.D. Cal. Apr. 4, 2025) (denying TRO motion requesting release from detention because this "is precisely the same ultimate relief sought in his underlying [habeas corpus] Petition.").

Accordingly, Popowski's motion for a temporary restraining order, Dkt. No. 4, is DENIED WITHOUT PREJUDICE.

Dated this 18th day of August, 2026.

Jamal N. Whitehead
United States District Judge