UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK HENRI POPOWSKI,

Petitioner,

v.

WARDEN NORTHWEST IMMIGRATION CUSTOMS ENFORCEMENT PROCESSING CENTER, et al.,

Respondents.

CASE NO. 2:26-cv-02930-JNW

ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

## 1. INTRODUCTION

This matter comes before the Court on Patrick Henri Popowski's petition for a writ of habeas corpus. Dkt. No. 1. The Court DISMISSES in part and GRANTS in part the petition for the reasons below.

## 2. BACKGROUND

Petitioner Patrick Henri Popowski is a citizen of Belgium in the custody of Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 2 ¶¶ 1, 10. Popowski entered the United States as a visitor in 2011, through the Visa Waiver Program. *Id.* ¶ 2.

Popowski married a United States citizen and obtained conditional lawful permanent resident status based on that marriage. *Id.* ¶ 3. On August 18, 2014, Popowski obtained his permanent green card. Dkt. Nos. 2 ¶ 3; 13 ¶ 5. Popowski later divorced. Dkt. No. 2 ¶ 3.

For the last eleven years, Popowski has been married to Xiomara Amador, an American citizen. Dkt. No. 1-1 ¶ 2. He financially and emotionally supports his three stepsons, all of whom are American citizens. *Id.* ¶ 1. Since 2017, Popowski and his family have lived in Covington, Washington, where Popowski owns a bathroom remodeling company. Dkt. No. 14-1 ¶¶ 7, 9.

On December 21, 2020, Popowski pled guilty to assault in the third degree and communicating with a minor for immoral purposes in King County Superior Court. *Id.* ¶ 15. He was sentenced to 90 days' home confinement and probation, as well as ordered to attend treatment programs. Dkt. No. 13 ¶ 7.

On June 25, 2026, Homeland Security Investigation ("HSI") officials arrested Popowski and transferred him to the NWIPC. *Id.* ¶ 8. The same day, HSI served him a Notice to Appear (NTA) charging him under the Immigration and Nationality Act (INA) section 237(a)(2)(E)(i) as a noncitizen "convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment," and therefore, removable. Dkt. Nos. 12-1 at 2; 13 ¶ 9. Popowski moved to terminate his removal proceedings, and the Immigration Judge (IJ) denied his motion on July 27, 2026, finding that communicating with a minor for immoral purposes under Washington state law qualifies as a crime of child abuse under INA section 237(a)(2)(E)(i). Dkt. No. 12-5 at 2.

On July 28, 2026, Popowski, represented by counsel, had a bond hearing where the IJ denied bond and recorded the decision on a form that allowed the IJ to check various boxes to indicate the basis of the decision. Dkt. No. 12-4 at 2. She checked the box stating, "Danger to Community." *Id.* The record contains no transcript, recording, or written explanation of the IJ's decision. Popowski has appealed the bond decision to the Board of Immigration Appeals (BIA), and that appeal remains pending. Dkt. No. 13 ¶ 16.

On August 18, 2026, Popowski petitioned for a writ of habeas corpus challenging his bond denial and the IJ's denial of his motion to terminate removal proceedings. Dkt. No. 1 at 2. Popowski argues that his conviction does not qualify as a "crime of child abuse" under INA § 237(a)(2)(E)(i), and therefore, Respondents have no grounds to detain him under 8 U.S.C. § 1226(a). He also argues that his bond hearing was deficient because it "lasted only about ten minutes and did not meaningfully address the rehabilitation and compliance evidence in the record." *Id.* at 6.

Respondents argue that the Court lacks jurisdiction over Popowski's claims under 8 U.S.C. §§ 1252(a)(5), (b)(9) because he directly challenges the procedures governing the adjudication of his removability and is thus barred from habeas review. Dkt. No. 11 at 4. Respondents do not address Popowski's objections to the adequacy of his bond hearing.

## 3. DISCUSSION

### 3.1 The Court lacks jurisdiction to review the IJ's denial of Popowski's motion to terminate removal proceedings.

Two provisions of the INA deprive the Court of jurisdiction over Popowski's claim that he is not removable as a matter of law. First, 8 U.S.C. § 1252(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal[.]" Second, 8 U.S.C. § 1252(b)(9) mandates that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." "Taken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue—whether legal or factual—arising from *any* removal-related activity can be reviewed *only* through the [court of appeals petition-for-review] process." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) (emphasis in original).

To determine the scope of § 1252(b)(9), courts must distinguish between claims that "arise from" removal proceedings—"which must be channeled through the [petition-for-review] process—and claims that are collateral to, or independent of, the removal process." *Id.* The Supreme Court clarified that "§ 1252(b)(9) 'does not present a jurisdictional bar' where those bringing suit 'are not asking for review of an order of removal,' 'the decision . . . to seek removal,' or 'the process by which . . . removability will be determined.'" *Dep't of Homeland Sec. v. Regents of the Univ.*

*of Cal.*, 591 U.S. 1, 19 (2020) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)).

Popowski's claim that he is not removable as a matter of law arises from his removal proceedings. It asks the Court to review not just "the process by which . . . removability will be determined," but the IJ's removability determination itself. His claim that his continued detention is not authorized by 8 U.S.C. § 1226(a) likewise arises from his removal proceedings because it hinges on the IJ's finding of removability—it succeeds only if the Court first decides that he isn't removable. A claim that, "however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal" must go through the petition-for-review process. *J.E.F.M.*, 837 F.3d at 1032 (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012)).

Although he does not yet have a final order of removal, an IJ has denied terminating the removal proceedings. Because Popowski's challenge to the IJ's order denying his motion to terminate removal proceedings falls squarely within the ambit of § 1252(b)(9), it is subject to the petition for review process and this Court lacks jurisdiction. These claims are DISMISSED without prejudice, and Popowski's request for supplemental briefing or oral argument, Dkt. No. 14 at 4, is DENIED.

**3.2 The Court has jurisdiction to review Popowski's bond decision.**

Federal courts have jurisdiction to review "bond hearing determinations for constitutional claims and legal error." *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011); *see Kharis v. Sessions*, No. 18-cv-04800-JST, 2018 WL 5809432, at *4

(N.D. Cal. Nov. 6, 2018) (collecting cases). "The application of a statutory legal standard . . . to an established set of facts is a quintessential mixed question of law and fact," which is reviewable by courts. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). A bond denial due to community danger or flight risk is such a mixed question, subject to judicial review by federal courts under an abuse of discretion standard. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024).

Liberally construing Popowski's pro se petition, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that his objections to his bond hearing raise a cognizable claim of legal error that the IJ denied bond without considering his evidence. For example, in response to the habeas form question about the decision or action he challenges, Popowski wrote "[d]enial of custody redetermination (bond) on 'Danger to Community' grounds following a custody hearing lasting approximately ten minutes[.]" Dkt. No. 1 at 2. He also alleged that his "custody hearing . . . lasted only about ten minutes and did not meaningfully address the rehabilitation and compliance evidence in the record" and the IJ "did not review the treatment completion records, the risk assessment, or any other evidence submitted on [his] behalf." Dkt. Nos. 1 at 6; 3 ¶ 21.

**3.3 Popowski is entitled to a bond hearing.**

An IJ need not "'discuss each piece of evidence submitted.'" *Martinez*, 124 F.4th at 785 (quoting *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011)). But when a decision "fails to mention highly probative or potentially dispositive evidence,'" a

reviewing court does not credit a "catchall phrase" to the contrary. *Id.* (quoting *Cole*, 659 F.3d at 771–72); *see Tadevosyan v. Holder*, 743 F.3d 1250, 1253 (9th Cir. 2014).

As mentioned, at the prior bond hearing, the IJ checked the box "Danger to Community" without elaboration. Beyond a boilerplate recital that the IJ "considered the representations" of the parties, the order says nothing more. Dkt. No. 12-4 at 2. Popowski attests under penalty of perjury that the hearing lasted about ten minutes and did not address his rehabilitation and compliance evidence. Dkt. No. 1 at 2, 6, 8. That evidence spoke directly to dangerousness: he completed home detention early for good behavior, has complied with sex-offender registration for about five years, and completed all recommended treatment. Dkt. Nos. 2 ¶¶ 5–6; 14-1 at 23 ¶ 16. And because Respondents filed no recording, transcript, or written decision and did not respond to this claim, the Court accepts Popowski's unrebutted sworn account.

The IJ denied bond without addressing highly probative evidence bearing on the only ground given. That is legal error, and it prejudiced Popowski because weighing his evidence could have changed the result. *See Singh*, 638 F.3d at 1209. The IJ is not compelled to grant bond, as Popowski's conviction could support a finding of dangerousness, but the IJ had to weigh his evidence.

Under these circumstances, the Court concludes that Popowski must be granted a new bond hearing under § 1226(a). *See Castroleyva v. Scott*, No. 2:26-CV-02125-TMC, 2026 WL 2267492, at *1 (W.D. Wash. Aug. 6, 2026).

If Respondents fail to provide Popowski a bond hearing under 8 U.S.C. § 1226(a) within fourteen days of this order, he must be immediately released.

*Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 1082648, at *4 (N.D. Cal. Mar. 6, 2020) (ordering the petitioner's immediate release on appropriate conditions where the respondents did not provide a constitutionally compliant bond hearing after the court granted the petitioner's habeas petition and ordered a bond hearing).

## 4. CONCLUSION

Accordingly, the Court orders as follows.

1. The Petition for a Writ of Habeas Corpus is DISMISSED in part and GRANTED in part. Dkt. No. 1.
2. Within FOURTEEN (14) days of this order, Respondents must either provide Popowski with a bond hearing under 8 U.S.C. § 1226(a), and its implementing regulations, or release him under an appropriate order of supervision.
3. If the individualized bond hearing is not conducted within fourteen days of this order, Respondents MUST immediately release Petitioner under appropriate conditions of supervised release.
4. The Court DENIES as moot Popowski's motion for an order directing that be sent to a designated recipient, Dkt. No. 5.

Dated this 25th day of September, 2026.

Jamal N. Whitehead
United States District Judge